```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

CALIPH ALJA-IZ,                        )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )    Civil No. 2014-42
                                       )
UNITED STATES VIRGIN ISLANDS           )
DEPARTMENT OF EDUCATION,               )
                                       )
        Defendant.                     )
                                       )
```

ATTORNEYS:

**Caliph Alja-Iz**
   *Pro se plaintiff,*

**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
   *For the defendant.*

## AMENDED ORDER[1]

**GÓMEZ, J.**

Before the Court is the motion of the United States Virgin Islands Department of Education ("the Department") to dismiss the complaint in this matter for failing to state a claim.

### I.   FACTUAL AND PROCEDURAL HISTORY

Caliph Alja-Iz ("Alja-Iz") is an African-American, forty-seven year old teacher. His educational background includes a bachelor's degree from the University of the Virgin Islands, and

---

[1] This amended order corrects a scrivener's error in Docket Entry 35.  This amended order changes only the date by which Alja-Iz may amend his complaint.  There are no other changes.

a Master's degree in mathematics from the University of Louisville. Alja-Iz worked as a math teacher or adjunct professor in the Virgin Islands and in Louisville, Kentucky. Alja-Iz applied for a position as a math teacher for the Virgin Islands Department of Education ("the Department") for the 2012-2013 school year. He was denied employment at that time.

Thereafter, on April 15, 2014, Alja-Iz filed suit against the Department. In his complaint, Alja-Iz asserts that, in denying him employment, the Department violated: the Americans with Disabilities Act ("ADA"), the ADA Amendments Act ("ADAA"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), and Titles VI and VII of the Civil Rights Act.

Alja-Iz moved this Court for permission to proceed *in forma pauperis*. While his *in forma pauperis* motion was pending, Alja-Iz attempted to serve the Department by mailing service to the Department and to the Commissioner of the Department.[2] Shortly thereafter, Alja-Iz moved for summary and default judgment against the Department. Alja-Iz moved for summary judgment a second time on June 27, 2014.

The Court granted Alja-Iz's motion to proceed *in forma pauperis* on July 18, 2014. The Court instructed the United

---

[2] This method of service on a local government agency does not satisfy the requirements of Federal Rule of Civil Procedure 4. Therefore, the Department had not yet been served at the time Alja-Iz filed his motions for default and summary judgment.

Case: 3:14-cv-00042-CVG-RM   Document #: 36   Filed: 03/31/15   Page 3 of 16

Alja-Iz v. V.I. Dept. of Educ.
14-cv-42
Order
Page 3

States Marshal's Service to properly serve the Department. The Marshal's Service did so on July 23, 2014. Alja-Iz moved again for default judgment against the Department on August 14, 2014. Thereafter, on August 28, 2014, the Department appeared and filed a motion to dismiss the complaint in this matter for failure to state a claim.[3]

Alja-Iz opposes the Department's motion to dismiss on two grounds: first, he argues that the motion to dismiss should be stricken as untimely; second, he argues that he has properly alleged each claim in his complaint.

## II.  DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

---

[3] The Court notes that the Department's motion was untimely, and that no cause has been shown for that failure despite the issuance of a show cause Order on January 7, 2015. However, because a *sua sponte* consideration of dismissal could have been undertaken, the Court will entertain the Department's motion to dismiss. See 28 U.S.C. § 1915 ("[T]he court shall dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]")

Case: 3:14-cv-00042-CVG-RM Document #: 36 Filed: 03/31/15 Page 4 of 16

Aljazev. V.I. Dept. of Bank.
14-cv-42
Order
Page 4

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Case: 3:14-cv-00042-CVG-RM Document #: 36 Filed: 03/31/15 Page 5 of 16
Alja-Iz v. V.I. Dept. of Educ.
14-cv-42
Order
Page 5

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[4]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. ANALYSIS

Alja-Iz has not organized his Complaint by cause of action, nor has he cited to any particular sections of the statutes he mentions in the Complaint. As the Court understands the Complaint, Alja-Iz has presented five claims: (1) violation of the ADA, as amended by the ADAA, 41 U.S.C. § 12112; (2) violation of the ADEA, 29 U.S.C. § 623; (3) violation of the EPA, 29 U.S.C. § 206; (4) violation of Title VI, 42 U.S.C. § 2000d; and (5) violation of Title VII, 42 U.S.C. § 2000e-2. The Court will consider each in turn.

---

[4] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

**A. Americans with Disabilities Act As Amended**

The Department asserts that Alja-Iz has failed to state a claim under the ADA, 42 U.S.C. § 12112(a). The ADA states, in pertinent part, that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

In order to establish a prima facie case of disability discrimination under the ADA, a plaintiff must establish that: 1) he is an individual with a disability; 2) he is otherwise qualified to perform the job requirements, with or without reasonable accommodation; and 3) he was not hired because of his disability. *See Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 452 (6th Cir. 2004)(internal citations and quotations omitted); *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 938 (3d Cir. 1997)(delineating the *prima facie* elements of an ADA claim in the context of termination of employment).

The plaintiff must plead in the first instance that he is a disabled individual, within the meaning of the ADA. *See Matheson v. V.I. Cmty. Bank, Corp.*, 297 F. Supp. 2d 819, 826 (D.V.I. 2003)(dismissing an ADA claim for failure to plead the disability). "The ADA defines a 'disability' as: (A) a physical

or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Matczak*, 136 F.3d at 936 (*citing* 42 U.S.C. § 12102(2)).

In his Complaint, Alja-Iz alleges that "[t]he plaintiff, Caliph Alja-Iz is a disabled . . . male . . . ." (ECF No. 1.) Though the Court accepts as true all factual allegations in a Complaint for purposes of determining if a claim has been stated, the Court is instructed to give no such deference to conclusory allegations. *See Santiago*, 629 F.3d at 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679). Alja-Iz, throughout his Complaint, describes himself as a "disabled" individual. Alja-Iz does not identify what his purported disability is. Alja-Iz's statement that he is "disabled" is thus a conclusory legal statement with no factual underpinning. Without any factual allegations regarding the nature of Alja-Iz's disability, the Court is utterly unable to determine whether or not Alja-Iz's disability falls within the purview of the ADA.

Where an ADA claim is devoid of any factual allegations concerning the plaintiff's disability, "[p]laintiff's ADA claim must fail . . . ." *Matheson*, 297 F. Supp. 2d at 826. This is because "the pleadings are so vague and Plaintiff's disability so undefined that the Court is forced to assume what

disability is alleged. For this reason, it is appropriate to dismiss at the pleading stage without entertaining questions of proof." *Matheson*, 297 F. Supp. 2d at 826.

As Alja-Iz has failed to make out a *prima facie* claim, by failing to allege or adduce facts which satisfy the first element, his ADA claim must fail.

Even if Alja-Iz had properly pled he is disabled within the meaning of the ADA, Alja-Iz would still be required to plead that he was otherwise qualified and that the Department failed to hire him because of this disability. *See Hedrick*, 355 F.3d at 452.

In order to properly plead the second element of a *prima facie* case, Alja-Iz had to plead that "he is otherwise qualified to perform the job requirements, with or without reasonable accommodation[.]" *Hedrick*, 355 F.3d at 452. Alja-Iz's Complaint alleges a great deal about his background and education. Included among his previous experience is experience as a math teacher. As such, there are sufficient facts alleged that would permit the inference that Alja-Iz is qualified for the position he sought.

Finally, to survive dismissal, Alja-Iz would have to plead the third element of a *prima facie* case. To do so, Alja-Iz would have to plead that he was not hired because of his disability. *See Hedrick*, 355 F.3d at 452. Alja-Iz does not allege that the

hiring criteria were discriminatory or that the Department had reason to know of his disability. There are no facts alleged that would permit the inference that there was any discrimination or discriminatory intent. As such, Alja-Iz has not pled the third element of his claim.

As Alja-Iz has failed to plead that he is disabled within the meaning of the ADA or that he was not hired because of his disability, Alja-Iz has failed to state a claim under the ADA.

**B. Age Discrimination in Employment Act**

The Department further argues that Alja-Iz has failed to state a claim of age discrimination under the ADEA. The ADEA provides, in pertinent part, that "[i]t shall be unlawful for an employer—[] to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623.

In order to establish a prima facie case of age discrimination,

> the plaintiff must demonstrate that (1) s/he is over forty, (2) is qualified for the position in question, (3) suffered from an adverse employment decision, and (4) that his or her replacement was sufficiently younger to permit a reasonable inference of age discrimination.

*Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004).

In his Complaint, Alja-Iz states that he is forty-seven years old (ECF No. 1, Compl.) The first element of an ADEA claim is thus contained within the Complaint.

Considering the second element, Alja-Iz is obligated to plead that he is qualified for the position he sought. In his Complaint, Alja-Iz states that he desires employment as a math teacher at the high school level. Specifically, he seeks a job as a math teacher at Charlotte Amalie High School. In his Complaint, Alja-Iz asserts that he has more than ten years of professional teaching experience as a graduate teaching assistant, substitute teacher, adjunct professor, high school math teacher, and middle school math teacher. Alja-Iz has an undergraduate degree and master's degree in mathematics. He has completed thirty-six credits of Ph.D. level coursework. Alja-Iz holds a temporary middle and secondary mathematics teaching certificate from the State of Florida. He previously held a temporary middle and secondary math teaching certificate in the Commonwealth of Kentucky. He also received Praxis exam scores of 134 and 154 in two separate mathematics tests. The Court can thus infer that he is qualified to teach high school math.

Finally, Alja-Iz must also plead that he suffered an adverse employment action and that his replacement was young

enough to support an inference of age discrimination. Alja-Iz alleges he applied for work as a math teacher, and was denied. Failure to hire is an adverse employment action within the reach of the ADEA. *See* 29 U.S.C. § 623. Alja-Iz has made no allegations, however, as to who was hired in his stead. There is nothing known about whether the individual who holds the position Alja-Iz sought is younger than he is. As such, the Court is unable to determine if an inference of age discrimination arises. Because of the lack of information regarding who was hired for the position Alja-Iz sought, he has failed to state a claim under the ADEA.

**C. Equal Pay Act**

The Department also argues that Alja-Iz has failed to state a claim under the Equal Pay Act. The EPA, in pertinent part, provides

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex[.]

Alja-Iz v. V.I. Dept. of Educ.
14-cv-42
Order
Page 12

29 U.S.C. § 206.

"[I]n order to make out a case under the Equal Pay Act, employee plaintiffs have the burden of proving that their employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Angelo v. Bacharach Instrument Co.*, 555 F.2d 1164, 1171 (3d Cir. 1977)(internal citations and quotations omitted). Noticeably, the Third Circuit and the EPA both use the words "employee" and "employer." That is, such a claim is premised upon the existence of an employment relationship between the plaintiff and defendant. Alja-Iz does not allege in his Complaint that he is or was, at any point during the complained of behavior, an employee of the Department. As the Complaint does not allege that he was an employee at any time during the complained of behavior, the Complaint fails to allege that Alja-Iz was paid anything at all, let alone less than others similarly situated.

As Alja-Iz has failed to allege a relationship with the Department that would make them subject to the EPA, he has failed to state a claim for relief under the EPA.

**D. Title VI of the Civil Rights Act**

The Department also contends that Alja-Iz has failed to state a claim under Title VI of the Civil Rights Act. Title VI provides in pertinent part that, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A "program or activity" is defined as including "a local educational agency, system of vocational education, or other school system[.]"42 U.S.C. § 2000d-4a(2)(B). As such, Title VI's prohibition on discrimination "extends to discrimination in employment by programs or activities that receive federal funding; however, covered entities can only be sued for employment discrimination 'where a primary objective of the Federal financial assistance [to that program or activity] is to provide employment.' 42 U.S.C. § 2000d–3[.]" *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1531 (10th Cir. 1995).

To state a claim under Title VI, Alja-Iz would need to allege that the federal funds received by the Department are for the primary objective of providing employment. *See id.* ("[T]o sustain her Title VI claim Reynolds must show that Defendants [Denver Public School System] received federal funds for a primary objective of providing for employment.") Here, there is

Case: 3:14-cv-00042-CVG-RM Document #: 36 Filed: 03/31/15 Page 14 of 16
Alja-Iz v. V.I. Dept. of Educ.
14-cv-42
Order
Page 14

no allegation regarding the purposes behind any federal funding that the Department may receive. Because the purposes of the funding are unknown, even a finding that the Department had engaged in discriminatory hiring could not fall within the purview of Title VI. *See id.* ("[C]overed entities can only be sued for employment discrimination "where a primary objective of the Federal financial assistance [to that program or activity] is to provide employment." 42 U.S.C. § 2000d–3[.]")

As Alja-Iz has failed to allege the purpose behind the funding received by the Department, he has failed to state a claim under Title VI of the Civil Rights Act. *See Rosario-Olmedo v. Cmty. Sch. Bd. for Dist. 17*, 756 F. Supp. 95, 96 (E.D.N.Y. 1991)("Courts have dismissed complaints for failure to specify when funds were received, what they were used for, and whether their primary objective was to provide employment.") (citing to cases from the Districts of New Jersey, Eastern Virginia, and Southern New York).

### E. Title VII of the Civil Rights Act

Finally, the Department argues that Alja-Iz has failed to state a claim under Title VII of the Civil Rights Act. Title VII provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer—[] to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2.

> *McDonnell Douglas* identified the paradigmatic elements of a *prima facie* case in a Title VII claim involving a failure to hire. Under this formulation, the plaintiff must show:
>
> > (i) that he belongs to a [protected class]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that after his rejection, the position remained open and the employer continued to seek applicants from persons of [the plaintiff's] qualifications.
>
> *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824.

*Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149-50 (D.C. Cir. 2004).

Alja-Iz asserts that he is an African-American male in his Complaint. Assuming, therefore, that Alja-Iz is a member of a protected class, he would have to assert that "he applied and was qualified for a job for which the employer was seeking applicants[.]" *Id.* It is true that Alja-Iz, as discussed above, has properly pled facts which would allow an inference that he applied and was qualified for the job he sought. That said, there is no allegation that the Department was accepting applications for a position as a math teacher at Charlotte Amalie High School, the job Alja-Iz sought. In fact, there is

no allegation that the Department was hiring math teachers for any school. Similarly, there is no allegation that after Alja-Iz's rejection the job remained open to someone with his qualifications.

As Alja-Iz has failed to assert facts that could plausibly entitle him to relief under Title VII, Alja-Iz has failed to state a claim on that issue.[5]

The premises considered, it is hereby

**ORDERED** that the Department's motion to dismiss for failure to state a claim is **GRANTED**; and it is further

**ORDERED** that Alja-Iz shall, to the extent he wishes to, file an amended complaint in this matter no later than 3:00 PM on April 15, 2015.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**

---

[5] Because the Court finds that dismissal of the Complaint is appropriate on the grounds discussed above, it does not address the Department's exhaustion argument.