```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

CALIPH ALJA-IZ,                        )
                                       )
         Plaintiff,                    )
                                       )
         v.                            )     Civil No. 2014-42
                                       )
UNITED STATES VIRGIN ISLANDS           )
DEPARTMENT OF EDUCATION,               )
                                       )
         Defendant.                    )
                                       )
```

ATTORNEYS:

**Caliph Alja-Iz**
   *Pro se plaintiff,*

**Claude Walker, Acting Attorney General**
**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
   *For the defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the United States Virgin Islands Department of Education ("VIDE") to vacate the show cause order, entered on January 7, 2015, in which the VIDE was ordered to show cause why its motion to dismiss should not be stricken.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 15, 2014, Caliph Alja-Iz ("Alja-Iz") filed suit against VIDE. In his complaint, Alja-Iz asserts that, in denying him employment, VIDE violated: the Americans with

Disabilities Act ("ADA"), the ADA Amendments Act ("ADAAA"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), and Titles VI and VII of the Civil Rights Act.

Alja-Iz moved this Court for permission to proceed *in forma pauperis*. While his *in forma pauperis* motion was pending, Alja-Iz attempted to serve VIDE by mailing service to VIDE and to the Commissioner of VIDE.[1] Shortly thereafter, Alja-Iz moved for summary judgment and default judgment against VIDE. Alja-Iz moved for summary judgment a second time on June 27, 2014.

The Court granted Alja-Iz's motion to proceed *in forma pauperis* on July 18, 2014. The Court instructed the United States Marshal's Service to properly serve VIDE. The Marshal's Service served the Governor of the Virgin Islands on July 23, 2014. (ECF No. 22.) Alja-Iz moved again for default judgment against VIDE on August 14, 2014. Thereafter, on August 28, 2014, VIDE appeared and filed a motion to dismiss the complaint in this matter for failure to state a claim.

Alja-Iz filed a response, and opposed VIDE's motion to dismiss on two grounds. First, he argued that the motion to dismiss should be stricken as untimely. Second, he argued that he has properly alleged each claim in his complaint.

---

[1] This method of service on a local government agency does not satisfy the requirements of Federal Rule of Civil Procedure 4. Therefore, VIDE had not yet been served at the time Alja-Iz filed his motions for default and summary judgment.

The Court reviewed the record and discovered that, in the Court's view, VIDE's motion to dismiss was untimely filed. The Court issued a show cause order on January 7, 2015, which stated

> it is hereby ORDERED that, on or before January 15, 2015, defendant shall SHOW CAUSE in writing why its motion to dismiss and supporting memorandum should not be stricken from the record as being filed out of time without leave of Court, and why it should not therefore be deemed to be in default.

(ECF No. 32.) Shortly thereafter, VIDE filed a motion to vacate the show cause order on the grounds that it had not yet been served because the Virgin Islands Attorney General had not been served.

## II. ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure ("Rule 4") outlines the requirements for service of process on a state or local government, or any other state-created government organization which is subject to suit. "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Rule 4, by its terms, explicitly authorizes serving a local government or agency by serving solely the locality's "chief executive officer." In the Virgin Islands, that person is the Governor. The Governor has been duly served in this matter by the United States Marshal Service. As such, service has been properly effectuated.

To the extent VIDE is under the mistaken impression that it is entitled to be served in the same manner as the United States under Rule 4, the Court feels some further clarification is necessary. As this Court stated in *Fulton v. Virgin Islands Bureau of Internal Revenue*, Civ. No. 2011-132 (D.V.I. April 4, 2014), Rule 4 authorizes service on the local government by delivery of process to the chief executive officer, the Governor. Rule 4 also authorizes service by any means authorized by local law. Rule 27 of the Rules of the Superior Court indicates that for the Superior Court's purposes,

> [t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure, provided, however, that reference in the said Rule to "United States Marshal or Deputy United States Marshal" shall be read instead "Marshall or Deputy Marshal of the Territorial Court of the Virgin Islands", and that all references to "United States or any officer or agency of the United States" shall be read instead "Virgin Islands or any officer or agency of the Virgin Islands"

Sup. Ct. R. 27. Superior Court Rule 27 is not "local law" as contemplated by Rule 4(j). *C.f.* 48 U.S.C. § 1611(c)(indicating that local law and rules are two *different* sources for court governance by stating that the "court[s] shall be governed by local law or the rules promulgated by those courts[.]"); *In re. Grand Jury Matter*, 802 F.2d 96, 100 (holding that "a local rule of procedure cannot possibly affect the jurisdiction of the court."). Rather, it is "[a] rule by which an individual court supplements procedural rules applying generally to all courts within the jurisdiction." Local Rule, *Black's Law Dictionary* (9th ed. 2009). As such, it is not one of the possible avenues of service provided for by Rule 4(j), which states the requirements for serving the local government in federal court. *See* Fed. R. Civ. P. 4(j). In sum, a local rule cannot alter federal procedural service requirements. *See In re. Grand Jury Matter*, 802 F.2d at 100.

Furthermore, Rule 4(j), even if it allowed service on the Virgin Islands in a manner akin to service on the United States, would not command it even if Superior Court Rule 27 had any relevance here. Rule 4(j) contemplates two permissible options: (1) service on the Governor, *or* (2) service as permitted by the Virgin Islands law. Alja-Iz, here, chose the former method. That is sufficient.

The Governor was served on July 23, 2014. VIDE thereafter had 21 days to file its response to the complaint. Fed. R. Civ. P. 12(a)(1). VIDE filed a motion to dismiss 36 days after service. Such motion, under Federal Rule of Civil Procedure 12, was untimely. *See id.*[2]

The premises considered, it is hereby

**ORDERED** that VIDE's motion to vacate this Court's show cause order of January 7, 2015, is **DENIED**.

```
                                       S_____
                                          CURTIS V. GÓMEZ
                                          District Judge
```

---

[2] VIDE argues, without any real legal support, that it should be entitled to sixty days to respond under Rule 12(a)(2). Rule 12(a)(2) gives the United States, its agencies, officers, or employees sued in their official capacity sixty days to respond to a complaint. Fed. R. Civ. P. 12(a)(2) It does not mention local governments. *Id.* Furthermore, the Court is unaware of any legal authority which suggests Rule 12(a)(2) should be extended to include local or state government entities.